IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY H. DALLY,

    Plaintiff,

  vs.

EL DORADO COUNTY LAW ENFORCEMENT, et al.,

    Defendants.

No. 2:17-CV-2356-CMK-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions (Docs. 3 and 5) for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the

1

likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  At this early stage of the proceedings, before any defendants have answered, the court cannot say that plaintiff has any particular likelihood of success on the merits.  Because a finding of "exceptional circumstances" requires a determination of the likelihood of success on the merits, and because the court cannot at this time make such a determination, the court is unable to find that exceptional circumstances exist warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for the appointment of counsel (Docs. 3 and 5) are denied.

DATED: August 10, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE