**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARRY H. DALLY, | No. 2:17-CV-2356-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY LAW ENFORCEMENT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's complaint (Doc. 1).  Plaintiff alleges Defendants engaged in a conspiracy with the freemasons, illuminati, and his stepfather Ray Bias, among others, to falsely imprison him.  Plaintiff also asserts that his attorney, James Warden, failed to properly investigate his case and that the warden of the prison is withholding his mail.  For the reasons set forth below, Plaintiff's complaint is dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal–Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); <u>Moss</u>, 572F.3d at 969.

/ / /

/ / /

/ / /

/ / /

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges a conspiracy involving the freemasons, illuminati, El Dorado County law enforcement, South Lake Tahoe Police Department, the District Attorney's Office, Public Defender James Warden, Judge Susan Kingsbury, the jail staff, Plaintiff's stepfather Ray Bias, and "many others" related to his alleged false imprisonment. Plaintiff alleges, without specificity, that the defendants lied under oath, engaged in false discovery, forged transcripts, painted Plaintiff as something he is not, used false psychological evaluations saying Plaintiff is mental and suicidal, kept these acts secret, prevented Plaintiff from taking a lie detector test, prevented the FBI from investigating his case, and violated his constitutional rights.

Plaintiff alleges that his public defender, James Warden, did not properly investigate his case, did not interview witnesses, engage in discovery, or subpoena witnesses. He further alleges that James Warden improperly informed Judge Kingsbury and D.A. Keller that Plaintiff is not mentally fit to stand trial. This, Plaintiff contends, is demonstrative of the conspiracy against him.

Plaintiff also alleges that his prison mail is being held by the warden of the prison, and is not being delivered.

Additionally, Plaintiff contends that the South Lake Tahoe Police department and the District Attorney's Office are conspiring with the "Freemasons illuminati tongue talking hypnotists" who want to end Plaintiff's life in his jail cell. The root of this conspiracy, Plaintiff explains, is his stepfather, Ray Bias, who is angry with Plaintiff for saving his mother's life. Plaintiff alleges that his stepfather created this conspiracy, involving the above listed parties as well as Vonne Benson and her husband, Mr. Benson, who died "doing hypnosis, mind control, telepathy" on Plaintiff. Plaintiff alleges many other components of this conspiracy involving various other individuals and organizations.

Plaintiff seeks relief in the form of referral of this case to the Federal Bureau of Investigation and other "proper authorities." It is unclear if Plaintiff seeks injunctive relief or damages for any of the alleged conduct.

/ / /

### III. ANALYSIS

**A.      Ineffective Assistance of Counsel Claim**

Plaintiff argues that his Public Defender James Warden, as a part of the alleged conspiracy, provided ineffective assistance of counsel. This claim fails. First, James Warden is not a named defendant in this action and even if James Warden was a named defendant, he is not a state actor under section 1983.

A § 1983 violation must be committed by a person acting under color of state law. When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir.2008). Even if employed by a public entity and paid with public funds, a public defender performing traditional lawyer's role is not a state actor. This precludes any ineffective assistance of counsel claim. Miranda v. Clark Cnty., Nev., 319 F.3d 465, 468 (9th Cir.2003) (en banc); see also Kirtley v. Rainey, 326 F.3d 1088, 1093–94 (9th Cir.2003) (a state-appointed guardian ad litem does not act under color of state law for purposes of § 1983).

Plaintiff's ineffective assistance of counsel claims relate to activities like investigating and subpoenaing witnesses. Such claims arise from Mr. Warden's role as advocate and are not actionable under § 1983. Plaintiff may not proceed under § 1983 on claimed violations that did not arise under color of state law. For that reason, this claim is fails and cannot be cured through amendment.

**B.      Legal Mail**

Plaintiff alleges his mail is not leaving the jail and is instead being held by the warden. Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482

4

U.S. 78, 93 (1987). Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question). At least one court in this circuit, however, has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts." Oliver v. Pierce County Jail, 2007 WL 1412843 (W.D. Wash, May 9, 2007) (citing Muhammad v. Pritcher, 35 F.3d 1081 (6th Cir. 1994)). The Ninth Circuit has, however, held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

Plaintiff alleges, in a single sentence, that his legal mail is not leaving the jail, but rather is being held by the warden. The Warden is not a named defendant in this case, nor is anyone at the jail. Further, Plaintiff does not allege sufficient facts to support his allegation that his legal mail is being held by the warden of the prison instead of being sent. Additionally, Plaintiff fails to state what relief he is seeking. Because Plaintiff has not named the Warden as a defendant, has failed to provide sufficient facts to support his allegation, and fails to identify any

1  form of legal relief, his withholding of legal mail claim fails. However, this defective charge may

2  be cured through amendment.

3        **C.**       **Conspiracy Claims**

4          Plaintiff alleges a vast and sweeping conspiracy involving many individuals not

5  named in the complaint.  A claim is legally frivolous when it lacks an arguable basis either in law

6  or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

7  1221, 1227-28 (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both

8  the inarguable legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.

9  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

10  meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327.  The

11  critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

12  legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745

13  F.2d at 1227.  The court need not accept the allegations in the complaint as true, but must

14  determine whether they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S.

15  25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as

16  frivolous if it merely repeats pending or previously litigated claims.  See Cato v. United States, 70

17  F.3d 1103, 1105 n.2 (9th Cir. 1995).

18          Based on the facts alleged in the complaint it is clear that none of the allegations

19  related to the conspiracy state a cognizable § 1983 claim.  Further, the allegations related to the

20  alleged conspiracy can only be categorized as fanciful.  The Supreme Court has held that a

21  complaint is frivolous if it "embraces not only the inarguable legal conclusion, but also the

22  fanciful factual allegation." Neitzke, 490 U.S. at 325.  A court may dismiss a claim as frivolous

23  where the factual contentions contained therein are clearly baseless, id. at 327, and the court finds

24  it appropriate to do so in the instant case.  Because the allegations in Plaintiff's complaint related

25  to the conspiracy embrace both meritless legal theories and fanciful factual assertions, they fail

26  and cannot be cured via amendment.

27  / / /

28  / / /

# IV. LEAVE TO AMEND

Because it is possible that the deficiencies, related to Plaintiff's withholding of legal mail claim, may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

/ / /

/ / /

/ / /

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed with leave to amend; and

2.     Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

Dated:  November 19, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE